The relief described hereinbelow is SO ORDERED.

Signed October 18, 2011.



_____
ROBERT D. BERGER
United States Bankruptcy Judge
_____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In Re:
JOSEPH VICTOR HENSHAW           Case No. 10-24000-RDB-13
     Debtor(s).

**ORDER ON MOTION TO APPROVE SALE OF DEBTOR'S REAL**
**PROPERTY AND PROPOSED DISTRIBUTION OF PROCEEDS**

This matter comes before the Court upon Debtor's Motion to Approve Sale of Debtor's Real Property and Proposed Distribution of Proceeds. Appearances are as follows: Debtor appears by counsel, David R. Barlow. William H. Griffin appears as Trustee. Union Bank appears by counsel, Richard Beheler. The Internal Revenue Service appears by Assistant U.S. Attorney David Zimmerman.

Debtor's Motion having been filed and properly served; the matter having been heard by the Court, and after due care and deliberation, the Court finds and Orders as follows:

1. Debtor filed his voluntary petition pursuant to Chapter 13 of the U.S. Bankruptcy Code on November 22, 2010.

2. Debtor's Chapter 13 Plan was confirmed on or about January 26, 2011. William H.

Griffin, Standing Chapter 13 Trustee, was appointed as Trustee in said matter.

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334 as a core matter pursuant to 28 U.S.C. §157 and venue is proper pursuant to 28 U.S.C. §1408 and §1409.

4. Debtor and his non-filing spouse, Marta Henshaw, own and operate Henshaw Electronics.

5. Debtor and Ms. Henshaw own certain commercial real property located at 7622 Wornall Road, Kansas City, Missouri 64114, and legally described as follows:

> All that part of Lots 99 to 114 inclusive, except that portion in Wornall Road, BROADLAND PARK, a subdivision of land in Kansas City, Jackson County, Missouri except the North 130 feet thereof, more particularly described as follows: Beginning at a point on the East Right-of-Way line of Washington Street, said point being 130 feet South of the North line of paid Lot 99; thence South 88 degrees, 52 minutes, 38 seconds East, 222.50 feet parallel to the North line o said Lots 99 and 114, to a point on the West right-of-way line of Wornall Road said line being 18 feet West of the original East line of said Lots 107 through 114; thence South 94.90 feet along said Wornall Road; thence North 88 degrees, 56 minutes, 16 seconds West, 222.50 feet to a point on the East right-of-way line of Washington Street; thence North 95.14 feet along said East line of Washington Street to the point of beginning.

6. There is a contract to sell the property to D3, LLC, of Nashville, Tennessee. The buyer is not an insider and in unrelated to Debtor or Ms. Henshaw in any way. The negotiations and contract are strictly arms-length. The contract has been amended due to delays in clearing easements and having remodeling plan approved. However, the essential elements of the agreement have not changed significantly since the original Purchase and Sale Contract was approved by D3 on March 30, 2011, and by the Henshaws on April 1, 2011. The parties agreed that the effective date of the contract would be April 5, 2011, to slightly extend the due diligence period.

7. Pursuant to §363, a debtor may sell all or substantially all of its assets other than in the ordinary course of business when there is a good business reason to approve the application to

sell. *In re the Lionel Corporation*, 722 F.2nd 1063 (2d Cir. 1983). The Court finds that the sale complies with §363 and the factors set forth in *Lionel, id.*

8. The status of the mortgage debt with Union Bank provides additional support for reasonableness of the sale. Debtor had fallen behind to Union Bank and the property was set for Trustee's sale when the case was filed. The confirmed plan provides for sale of the commercial property. Additionally, Union Bank previously filed its motion for relief from stay to proceed with foreclosure. The Court conditionally denied Union Bank relief requiring a sale within nine months. The Court's Order provides that Debtor must enter into a contract with a qualified buyer no later than October 21, 2011.

9. The proposed sale price is $487,500.00.

10. The sales price and contract are reasonable based upon the appraised value of the property and the current state of the economy as it relates to commercial real property. Debtor valued the property at $549,000.00 in his schedules. The Jackson County market value is currently $357,840.00; in 2010 it was $391,500.00. Union Bank had a detailed appraisal performed at the outset of this case and valued the property as follows: Market: $400,000; Disposition: $300,000; Liquidation: $200,000.

11. There are several liens on the property: the mortgage held by Union Bank, a tax lien in favor of Jackson County for past due real estate taxes, and tax liens held by the Internal Revenue Service and State of Missouri.

12. Debtor and Ms. Henshaw entered into a Commercial Exclusive Right to Represent Seller/Landlord Agreement with Ben Bortnick Real Estate on January 14, 2011 The agreed upon real estate sale's commission is 6% of the purchase price ($29,250.00). The agent handling the sale is Cindy Hinesley. Ms. Hinesley is a duly licensed and insured agent and a disinterested person within

the meaning of §101(14). The Court funds that the real estate commission is reasonable and customary in the industry and is approved.

12. The Henshaws have been advised by their CPA to hold back $77,000.00 for payment of capital gains taxes. $77,000.00 will be held in trust by Debtor's counsel until the exact amount of the capital gains tax can be determined.

13. Union Bank has a separate loan secured by a 2005 Chrysler Town & Country van. The future advances deed of trust extends to the vehicle loan. Therefore, Union Bank is entitled to have balance owed on the vehicle paid from the proceeds of the sale.

14. Union Bank, as an oversecured creditor, is entitled to recover its post-petition interest, reasonable costs and attorney fees. Union Bank has provided payopff figures with per diems for the real estate loan and the vehicle loan which are acceptable to Debtor. Union Bank has requested, and the Court approves, that an additional $12,000.00 be set aside from the sale proceeds to satisfy any claim for attorney fees and costs. Union Bank shall provide statements reflecting its attorney fees and costs to Debtor for review. If acceptable to Debtor, such fees and costs may be paid at closing or out of escrow. If disputed, the reasonableness of the fees and costs is subject to review by the Court.

Therefore, IT IS HEREBY ORDERED, that

1. The sale of Debtor's commercial property located at 7622 Wornall Road, Kansas City, Missouri 64114, and legally described above, pursuant to Debtor's contract with D3, LLC, as amended, is necessary to Debtor's reorganization is hereby approved.

2. The real estate commission of Ben Bortnick Real Estate in the amount of 6% or $29,250.00 is approved and may be paid from the sale proceeds upon closing.

3. The secured claims of Union Bank secured by the commercial real property,

equipment, inventory, etc., and the 2005 Town & Country will be paid from the sale proceeds upon closing.

4. $12,000.00 shall be set aside and held in trust as and for Union Bank's post-petition interest, attorney fees and costs to the extent that such fees and costs are not paid at closing. If such fees and costs are disputed by Debtor, the reasonableness of such fees and costs shall be determined by the Court.

5. The tax liens of Jackson County, Internal Revenue Service, and State of Missouri, shall be paid in-full from the sale proceeds at closing.

6. $77,000.00 of the proceeds shall be set aside and held in trust as and for taxes incurred due to the sale of the property. Once the tax liability is determined, the Court will issue orders regarding distribution of any surplus proceeds.

7. The balance of the net sale proceeds will be held in trust pending a final determination and order of this Court as to disbursement of said net proceeds.

**IT IS SO ORDERED.**
###

Submitted by:


/s/ David R. Barlow
David R. Barlow, KS #16582
406 Armour Road, Suite 250
North Kansas City, MO 64116-3512
(816) 842-9009/ Fax:(816) 221-8040
Attorney for Debtor(s)

Approved:


/s/ William H. Griffin, Trustee
William H. Griffin, KS #08060

6330 Lamar, Suite 110
Overland Park, KS 66202
(913) 677-1311/ Fax: (913) 432-7857
Chapter 13 Trustee